UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aquatech Corporation, | |
| *Plaintiff,* | No. 25 CV 11060 |
| v. | Judge Lindsay C. Jenkins |
| Dutch Barn, LLC, *et al.,* | |
| *Defendants.* | |

MEMORANDUM OPINION AND ORDER

Dutch Barn is an Illinois limited liability company located in New Lenox, Illinois; Courtney and Theresa Schilds are its co-managers. In August 2025, Aquatech Corporation secured a $1 million dollar judgment against all three Defendants in the United States District Court for the District of Nevada. *Aquatech Corp. v. Dutch Barn, et al.*, Case No. 2:24-cv-1897 (D. Nev., Aug. 6, 2025) [Dkt. 1.] To attempt to collect the judgment, Aquatech registered that judgment in this District and served citations to discover assets upon several companies, including respondent World Business Lenders, LLC, a privately held New York entity that provides loans to small to medium sized businesses.

All agree that in June 2025, World Business issued a $450,000 commercial loan to Defendants secured by a mortgage, assignment of leases and rents, and security agreement, and collateralized by real property the Schildses own in New Lenox, Illinois. The mortgage was publicly recorded with the county recorder. [Dkt. 30 at 2.] It is undisputed that World Business generally issues loans to and executes mortgages with Illinois residents like Defendants; that it records its loan activities with the Illinois Secretary of State; and that it has an Illinois-based registered agent. [*Id.* at 1.] At times, World Business has initiated foreclosure proceedings on real property in Illinois and has filed lawsuits in Illinois "with the help of several Illinois law firms." [*Id.* at 2.]

World Business has moved to quash the citation served on it, which seeks documents and requests a citation examination, arguing that the court lacks personal jurisdiction over it and, as a result, cannot issue an enforceable citation. [Dkt. 21.][1] For the reasons below, the motion is denied and World Business is directed to promptly comply with the citation issued to it.

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

## Personal Jurisdiction over World Business

For a court to issue a citation to discover assets, it must have personal jurisdiction over the citation respondents. *Motorola Sols., Inc. v. Hytera Comm. Corp.*, No. 2021 WL 3077305, at *3 (N.D. Ill. Mar. 25, 2021) (quoting *Leibovitch v. Islamic Republic of Iran*, 852 F.3d 687, 689 (7th Cir. 2017)). Aquatech bears the burden of demonstrating the existence of jurisdiction. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (citation omitted).

A federal court has personal jurisdiction over a non-resident if "either federal law or the law of the state in which the court sits authorizes service of process to that [non-resident]." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021) (quotations and citation omitted). For purposes of this case, when assessing its personal jurisdiction, a federal court ordinarily applies "state law in determining the bounds of [its] jurisdiction over persons." *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (quoting W*alden v. Fiore*, 571 U.S. 277, 283 (2014)). "The Illinois long-arm statute permits the court to exercise jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing 735 ILCS 5/2-209(c)). Because the Seventh Circuit has found there is no "operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," the court analyzes its jurisdiction over World Business under the Due Process Clause of the Fourteenth Amendment. *Illinois v. Hemi Grp.*, 622 F.3d 754, 757 (7th Cir. 2010) (citation omitted).

There are two forms of personal jurisdiction: general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 592 U.S. 351, 352 (2021). The parties agree that general jurisdiction does not apply here, so the court may exercise personal jurisdiction over World Business using specific jurisdiction only if the three requirements are satisfied. *B.D. ex rel. Myers v. Samsung SDI Co.*, 143 F.4th 757, 765 (7th Cir. 2025). First, the non-resident must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 765–66 (citation modified). "The contacts must be the [non-resident's] own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359. Second, relatedness, which is to say that the non-resident's "minimum contacts with the forum state [are] 'suit-related.'" *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020). On this second consideration, the Seventh Circuit recently observed that the relatedness inquiry "incorporates real limits aimed at protecting foreign defendants from being haled into distant courts for claims only tangentially related to their forum contacts." *Samsung SDI Co.*, 143 F.4th at 766. Third and finally, personal jurisdiction must accord with traditional notions of fair play and substantial justice. *Id*.

World Business does not dispute that it conducts some limited business activities in the State of Illinois. Still, it argues that specific jurisdiction is lacking

because it is not alleged to have engaged in any conduct in Illinois related to Aquatech or its claims against Defendants apart from issuing Defendants a business loan secured by the New Lenox property in 2025. [Dkt 21 at 4.] In other words, World Business maintains it does not have sufficient minimum contacts with Illinois proximately related to Aquatech's underlying injury. Aquatech disagrees, and for the reasons discussed below, so does the court.

### A. Purposeful Availment

"For purposeful availment, the defendant must have certain minimum contacts with the forum state." *B.D. ex rel. Myers v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (quoting *Int'l Shoe Co. v. Wash. Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). The "minimum contacts" inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (cleaned up). "The defendant's contacts with the state must demonstrate that the defendant purposely availed itself of the laws of that jurisdiction by availing itself of the privilege of doing business in the state or by purposively directing activities at the state." *NBA Props.*, 46 F.4th at 620.

The court has little trouble concluding purposeful availment. As Aquatech points out, World Business issued a commercial loan to the Schildses, who are Illinois residents and their business Dutch Barn, an Illinois LLC; it secured that loan through a mortgage on Defendants' Illinois real property, and later recorded the mortgage with the county recorder. [Dkt. 27-1 at 2–6.] By its own terms, the mortgage agreement demonstrates that World Business purposely availed itself of the laws of Illinois. The mortgage agreement contains an Illinois choice-of-law provision and an Illinois forum-selection clause, invoking Illinois law and Illinois courts to govern those parties' legal relationship as well as any future disputes that could arise. [*Id.* at 23–24.] And per the agreement, if the Schildses or Dutch Barn defaulted, World Business would have to file a foreclosure action in Illinois. [*Id.* at 24–25.]

World Business does not meaningfully engage with argument, other than by saying the mortgage's venue and choice of law provisions are "hardly unexpected since a mortgage foreclosure must be brought in the county in which the real estate or some part of it is situated. 735 ILCS 5/2-103(b)." [Dkt. 30 at 7.] But the fact that the legal connection to Illinois was inevitable makes no difference to the court's jurisdictional analysis. World Business "invok[ed] the benefits and protections" of Illinois's real estate and foreclosure law through its mortgage agreement with Defendants and thus "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Cf. Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 881 (7th Cir. 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)) (cleaned up) (emphasis omitted). Specific jurisdiction requires purposeful availment to ensure, in accordance with due process, "that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

475 (1985) (citation omitted). By deliberately invoking the protections of Illinois law including for the mortgage, World Business's interaction with Illinois was not random, fortuitous, or attenuated. It knew that any legal dispute with Defendants related to the New Lenox property and the mortgage would have to be fought in Illinois, making it the result of a deliberate choice. It thus made a purposeful and deliberate decision to engage with Defendants and their business in Illinois and benefit from the forum state's laws.

World Business decided to execute a mortgage agreement with Defendants in Illinois and that was a purposeful choice to do business in Illinois, availing itself of the forum state's—and this court's—jurisdiction.

## B.     Relatedness

Aquatech must also show relatedness, requiring the court to assess whether World Business's minimum contacts with Illinois are "suit-related." *Curry*, 949 F.3d at 400. "[T]here must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.*, 592 U.S. at 358.

World Business argues that its contacts with Illinois through the Defendants are unrelated to Aquatech's underlying lawsuit filed in Nevada. In its telling, "Defendants failure to pay their creditor [Aquatech] the debt they owe it" is the underlying controversy, and World Business has no connection to that. Though it might be reasonable for World Business to be "haled into Illinois court if it breached the terms of a loan agreement with one of its Illinois customers," it argues that it has no agreement or relationship with Aquatech, nor was Aquatech ever at risk of injury by virtue of World Business' contracts with its Illinois customers. [Dkt. 30 at 7–9.]

The "underlying controversy" in this case is a supplementary enforcement proceeding to collect on the judgment, not the underlying lawsuit in Nevada. "Because supplementary proceedings so closely resemble a cause[ ] of action, courts treat them as such for the purposes of determining long-arm jurisdiction." *Woolard v. Woolard*, 2009 WL 3150435, at *5 (N.D. Ill. Sep. 23, 2009) (collecting cases); see also *Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1224–25 (7th Cir. 1993) (treating, for the purposes of appellate jurisdiction, "supplementary proceeding[s] to enforce the judgment" as a "free-standing lawsuit"); *Motorola Sols.*, 2021 WL 3077305, at *3 (though "supplementary collection proceedings are not technically free-standing lawsuits divorced from the underlying litigation in which judgment was entered, they are treated that way, at least for purposes of appeal") (citing *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 632 (7th Cir. 2010)). When collecting on a judgment, Aquatech is not limited to the assets that are related to the underlying Nevada suit. The question, then, is not whether World Business' Illinois contacts are related to the underlying

4

judgment issued in Nevada, but whether they are related to the citations at issue in this supplementary proceeding.

They are. Aquatech is attempting to gain access to documents, records and other information relating to the mortgage and assets Defendants have with World Business, including the Schildses finances, assets, and sources of payments to World Business on the mortgage. [Dkt. 21 at 12–20.] Because World Business engaged with Defendants' assets in Illinois, it was on "clear notice" that it could have to answer for claims related to those Illinois-based assets. *Samsung SDI Co.*, 143 F.4th at 771–72. So framed, World Business is not being haled into court for "claims only tangentially related to their forum contacts." *Id.*, at 766. Nor does exercising jurisdiction in this instance mean that World Business "necessarily and forever consent[s] to jurisdiction" in Illinois as its brief suggests. [Dkt. 30 at 8.] To guard against such an outcome, the court must carefully assess whether there is an adequate connection between World Business's activities in Illinois and the supplementary enforcement proceedings before this court. Because these proceedings arise from World Business' business dealings in Illinois with Defendants, they are suit-related, and the relatedness requirement is satisfied.

## C.    Fundamental Fairness

Exercising personal jurisdiction over World Business also does not run afoul of traditional notions of fair play and substantial justice. Relevant to determining whether the exercise of jurisdiction is fundamentally fair and just are: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012).

The burden on World Business is not especially great. Exercising jurisdiction means that it would be required to produce documents and participate in a citation examination. As Aquatech notes, this is something World Business would have to do even if Aquatech pursued the citation in New York. World Business is a sophisticated privately-held entity that already has a meaningful legal connection to Illinois, including through its Illinois clients, registered agent, and law firms. There is little doubt that it can adequately litigate its interests in this court without undue burden.

The forum state's interest also weighs in favor of exercising personal jurisdiction. Though neither Aquatech nor World Business are Illinois residents, Defendants are, so Illinois has an interest in this dispute.

Aquatech has an interest in obtaining convenient and effective relief. And by exercising personal jurisdiction in this case, the interests of the interstate judicial system are also advanced, even if only slightly. If the citation was quashed, further delay would result while Aquatech pursued the same relief in New York. So, this

court's resolution of this enforcement proceeding can move the underlying litigation closer to a conclusion.

Finally, the shared interest of the several States in furthering fundamental substantive social policies is neutral.

Weighing all the factors, it is fundamentally fair and just to exercise personal jurisdiction over World Business. Aquatech's, the judicial system's, and Illinois's interests all favor personal jurisdiction over World Business, and the burden on World Business is not undue.

## Conclusion

The motion is denied.

Enter: 25-cv-11060
Date: January 15, 2026

_____
Lindsay C. Jenkins

6